UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| TAWANNA BRANN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:08-cv-325 |
| | ) | |
| v. | ) | Honorable Janet T. Neff |
| | ) | |
| ORLANS ASSOCIATES, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |
| | ) | |

Tawanna Brann has filed a document captioned "Demand for Validation of Alleged Debt Under the Fair Debt Collections Practices Act, For Violations of Our Due Process Rights." (docket # 1). The caption of the document shows Ms. Brann as the defendant and Orlans Associates as the plaintiff. The body of the document alleges that CitiFinancial Mortgage Company, Inc. and Associates Home Equity Services have violated Ms. Brann's constitutional and statutory rights but fails to mention Orlans Associates in any way. For relief, Ms. Brann demands her right to due process of law and the validation of her debt, in addition to other unspecified relief.

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of her indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*,

490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *See Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006); *Benzon v. Morgan Stanley Distrib., Inc.,* 420 F.3d 598, 605 (6th Cir. 2005). In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, I conclude that plaintiff's complaint must be dismissed as frivolous. All complaints filed in federal court must conform to Rule 8 of the Federal Rules of Civil Procedure, which requires both a "short and plain statement of the grounds for the court's jurisdiction" and a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(1), (2). Plaintiff's submission satisfies neither of these requirements. The source of this court's jurisdiction over Orlans Associates is not stated, nor does the complaint set forth any coherent set of facts showing that Ms. Brann is entitled to relief against Orlans Associates. In fact, the body of the complaint alleges no act or omission by Orlans. It is well settled that merely naming a party in the caption of a complaint is insufficient to state a claim against that party. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see also Moore v. Michigan*, No. 1:07-cv-561, 2008 WL 724151, at * 9 (W.D. Mich. Mar. 17, 2008) (collecting cases).

It is likely that Ms. Brann is involved in litigation before another court in which Orlans Associates is the plaintiff and Ms. Brann is the defendant. It also appears that she has filed

this action in an effort to somehow impede or influence the progress of the case against her. If that is Ms. Brann's intent, she has chosen the wrong vehicle. Any argument that Ms. Brann has concerning a violation of her rights should be presented in the court in which the case against her is pending. This court has no authority to impede the orderly progress of cases filed in the state courts. *See* 28 U.S.C. § 2283.

### Recommended Disposition

Having undertaken initial review of plaintiff's submission to this court, I conclude that her claim is frivolous and recommend that it be dismissed. I further recommend that leave to appeal *in forma pauperis* be denied under 28 U.S.C. § 1915(a)(3), as there is apparently no good-faith basis for an appeal.

Dated: April 14, 2008            /s/ Joseph G. Scoville
                                 United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).